IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


JO ANN HOFFMANN                                                           PLAINTIFF


    v.                            Civil No. 09-5052


KEITH FERGUSON, Sheriff,
Benton County, Arkansas; JEFF
CONNER, Magistrate, Little Flock City
Court; CAPTAIN HUNTER PETRAY,
Benton County Detention Center;
BEVERLY ENGLE, Director, The
Benton County Children's Advocacy Center;
STEVE BELL, Little Flock Police
Department; MIKE ARMSTRONG, Deputy
Prosecuting Attorney, Benton County                                       DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Jo Ann Hoffmann filed this civil rights action pursuant to the provisions of 42 U.S.C. §
1983. She proceeds *pro se* and *in forma pauperis*. The case is before the court for a determination
of whether service of process should issue.

### Background

According to the allegations of the complaint, Hoffmann, who is now seventy-six years old,
was arrested for criminal trespass and obstruction governmental operations on March 12, 2008, and
her car towed. She alleges she was not read her Miranda rights.

The affidavit of probable cause filed in the Municipal Court of Little Flock, Arkansas,
attached to the complaint, indicates Sgt. Steve Bell of the Little Flock Police Department responded
to the Children's Advocacy Center and was advised that a person on the premises refused to leave.
*See Complaint* at pages 10-11. The person was identified as Hoffmann. *Id.* Bell asked Hoffman

-1-

what her business was at the Center and she replied she was there to talk to Balinda Reynolds about a case. *Id.* Bell's affidavit indicates he gave Hoffmann the opportunity of leaving or being arrested. *Id.* Hoffmann stated three more times she would not leave. *Id.* Bell then placed Hoffman under arrest for criminal trespass and obstructing governmental operations. *Id.* She maintains Bell handcuffed her in a manner causing her pain. *Complaint* at page 8. She alleges he stated he knew he was hurting her. *Id.* Her court date was set for April 10, 2008. *See Complaint* at page 18.

She was taken to the Benton County Detention Center. *See Complaint* at pages 13-20. The booking papers attached to the complaint indicate Hoffmann refused to cooperate in the booking process. *See Complaint* at pages 13-17.

Once there she indicates she was taken to a booking area where she was physically abused and forced to strip, shower, and use lice shampoo. As a result, she indicates she became physically distressed, suffered vertigo, and became disoriented.

Hoffmann maintains she was verbally abused by jail staff and threatened with being placed in restraints constantly. She maintains she was not given regular food, forced to sleep on a steel tray, could not use the phone, and could not walk. Although she is a sleep apnea patient and on daily oxygen and multiple medications, she alleges she did not receive these treatments. She contends her disabilities were ignored and she was placed on lock-down. She remained incarcerated until March 14, 2008. *See Complaint* at page 22.

She alleges her name was falsely reported in the Arkansas Crime Information Center (ACIC) database. She attaches a copy of the ACIC record and her name is reported as Joann Hoffmann and Jo Ann Hoffman. It is not clear from the complaint if this is what she contends constitutes the false reporting of her name.

AO72A
(Rev. 8/82)

Hoffmann maintains it cost her $600 to get her car back.  She further alleges she has not recovered from this incident.

## **Discussion**

Several of Hoffmann's claims are subject to dismissal.  First, Hoffmann's claims against Jeff Conner the Magistrate in Little Flock City Court are subject to dismissal.  Magistrate Conner is immune from suit.  *Mireles v. Waco*, 502  U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").  *See also Duty v. City of Springdale,* 42  F.3d 460, 462 (8th Cir. 1994).  "Judges performing judicial functions enjoy absolute immunity from § 1983 liability."  *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations:  (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11.  It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity."  *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)).  "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects."  *Nollet*, 85 F. Supp. 2d at 210.  As amended by the FCIA  § 1983 now

AO72A
(Rev. 8/82)

precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Hoffmann does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Hoffmann seeks injunctive relief her claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin* , 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).

AO72A
(Rev. 8/82)

Second, Hoffmann's claims against Beverly Engle the Director of the Benton County Children's Advocacy Center, are subject to dismissal.  A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States.  42 U.S.C. § 1983.  While there are limited circumstances in which a private party may be considered to be a state actor, Hoffmann has alleged no facts suggesting the existence of a conspiracy or that Engle willfully participated in joint activity with the State and its agents.  *See e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

"[A] private party's mere invocation of state legal procedures does not constitute state action."  *Youngblood v. Hy-Vee Food Stores, Inc.*, 226 F.3d 851, 855 (8th Cir. 2001)(Store employee, who was not employed by the police department, was not a state actor when employee reported suspected shoplifting and detained the shoplifter until police arrived)(*citing Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 n. 21, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)).  A private individual who complains of criminal conduct and is a witness for the prosecution does not act under color of law.  *See e.g., Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)("The mere fact that the individual defendants were complainants and witnesses in an action which itself was prosecuted under color of law does not make their complaining or testifying other that what it was, *i.e.,* the action of private persons not acting under color of law."); *Rodgers v. Lincoln Towing Service, Inc.*, 596 F. Supp. 13, 21 (N.D. Ill. 1984), *aff'd*, 771 F.2d 194 (7th Cir. 1985)(A private citizen does not act under color of law when reporting a crime).  Engle cannot be sued under § 1983 because she is a private citizen who did not act under color of state law.

Third, Hoffmann's claims against Mike Armstrong, a deputy prosecuting attorney, are

-5-

subject to dismissal.  Armstrong is immune from suit.  The United States Supreme Court, in

*Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established

the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in

initiating a prosecution and in presenting the State's case."  *Id.*, 424 U.S. at 427.  This immunity

extends to all acts that are "intimately associated with the judicial phase of the criminal process."

*Id.*, 424 U.S. at 430.    *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615,

125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution

is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative

capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, it is

clear the defendant prosecuting attorney is entitled to absolute immunity.  *See also Brodnicki v.

City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute

immunity from suit).

To the extent Hoffmann's complaint seeks injunctive relief, we find the claim not

cognizable.  While the Supreme Court has not held that this immunity insulates prosecutors from

declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed.

2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged

to be illegal will recur.  Hoffmann can make no such showing here.  Further, injunctive relief is

not appropriate where an adequate remedy under state law exists.  *Id.*, 466 U.S. at 542 & n.22.

*See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

## Conclusion

Accordingly, I recommend that Hoffmann's claims against Magistrate Jeff Conner,

Beverly Engle, and Prosecutor Mike Armstrong be dismissed on the grounds that the claims are

AO72A
(Rev. 8/82)

frivolous, fail to state claims upon which relief may be granted, and seek relief against defendants who are immune from suit.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).   By separate order service will be directed on the remaining defendants.

**Hoffmann has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Hoffmann is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of April 2009.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)